UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOE PATRICK FLARITY, a marital community,<br><br>                                  Plaintiff,<br><br>     v.<br><br>KENNETH ROBERTS; ARGONAUT INSURANCE COMPANY; PIERCE COUNTY, a municipal corporation;<br><br>                                  Defendants. | CASE NO. 3:20-cv-6247-RJB<br><br>ORDER GRANTING DEFENDANTS ROBERTS AND PIERCE COUNTY'S MOTION TO DISMISS |

This matter comes before the Court on Defendants Pierce County and Kenneth Roberts' FRCP 12(b)(1) & 12(b)(6) Motion to Dismiss. Dkt. 13. The Court has considered Plaintiff's complaint (Dkt. 1), Defendants' motion to dismiss (Dkt. 13), Plaintiff's response (Dkt. 19), Defendants' reply (Dkt. 20), and Plaintiff's surreply (Dkt. 22) and the remaining file. Oral argument is not necessary to resolve this matter.

### I.   FACTS AND PROCEDURAL HISTORY

**A. FACTS**

Both this and a related matter also pending before this Court, Case No. 3:20-cv-6083-RBJ, arise out of Plaintiff's belief that Pierce County incorrectly assessed his property, which

caused his taxes to increase.  *See* Dkt. 1 at 8.  This matter, however, specifically relates to his hearing before the Pierce County Board of Equalization ("BOE") to contest his assessment, which he believes was "unfair."  Dkt. 1 at 10.

Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 and claims that Pierce County and BOE Chairman Kenneth Roberts violated his right to due process and equal protection.  Dkt. 1.  Plaintiff alleges that he had a hearing before a BOE panel to contest the appraisal of his land, and Defendant Roberts issued the order denying his petition.  *Id.* at 8.  He claims that Pierce County has a pattern or practice of unconstitutional practices but does not specify what those practices were.  *Id.* at 3.  The only alleged factual support for Plaintiff's pattern or practice claim is that "[r]esearch indicates that near 100% of residential petitioners appearing before the BOE with Kenneth Roberts as chairperson suffered the same humiliating defeat even though no representative appeared to argue for the county."  Dkt. 1 at 4.

According to Plaintiff, he appealed his BOE decision to the Washington State Board of Tax Appeals, which was denied, and filed a claim for damages with the Pierce County Risk Management, which was also denied.  *Id.* at 9–10.  Neither Plaintiff, nor Defendants allege that Plaintiff brought his claim before a state court.

Plaintiff intends for his claims to be brought as a class action.  *Id.*

**B. PENDING MOTION**

In the pending motion, Defendants Pierce County and Kenneth Roberts move to dismiss based on quasi-judicial immunity, the *Rooker-Feldman* doctrine, and under Federal Rule of Procedure 12(b)(6).  A third defendant, Argonaut Insurance Company, is not a party to this motion.  Dkt. 13.

## II. DISCUSSION

### A. QUASI-JUDICIAL IMMUNITY

Judicial immunity "reflects the long-standing 'general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 922 (9th Cir. 2004) (quoting *Bradley v. Fisher*, 13 Wall. 335, 347 (1871)). As such, judges have absolute immunity from suit for actions taken in the course of their duties. *Id*. Judicial immunity is so absolute that it even shields judicial officers from liability for improper actions so long as they were taken within the court's subject matter jurisdiction. *Ashelman v. Pope*, 793 F.3d 1072, 1078 (1986) ("conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce [judicial immunity].").

Quasi-judicial immunity is the extension of absolute judicial immunity to officials when performing quasi-judicial functions. *Id.* at 923. Quasi-judicial functions are "functionally comparable" to that of a judge and their characteristics include: "an adversarial proceeding, a decision-maker insulated from political influence, a decision based on evidence submitted by the parties, and a decision provided to the parties on all the issues of fact and law." *Buckles v. King Cnty.*, 191 F.3d 1127, 1134 (9th Cir. 1999) (citing *Butz v. Economou*, 438 U.S. 478, 509 (1978)).

Defendant Roberts is absolutely immune from suit because his role was functionally equivalent to that of a judge. Plaintiff acknowledges that he went to the BOE to present an appeal and to argue his case. Dkt. 1 at 4. Defendant Roberts, as with all BOE members, appears to have been appointed to do just that: listen to both sides and render an independent decision. *See Board of Equalization,* PIERCE COUNTY (Feb. 19, 2021, 12:13 PM), https://co.pierce.wa.us/5920/Board-of-Equalization; Wash. Rev. Code 84.48.014. Regardless of

whether Defendant Roberts acted correctly, or even improperly, he was acting as a quasi-judicial officer and has absolute immunity from suit.

Defendant's motion to dismiss based on quasi-judicial immunity should be granted as to Defendant Roberts, and he should be dismissed from this matter with prejudice.

### B. *ROOKER-FELDMAN* DOCTRINE

A federal district court is not the proper forum to appeal a state court decision. *See Noel v. Hall*, 341 F.3d 1148, 1154–55 (9th Cir. 2003). "Under *Rooker-Feldman*, a federal district court does not have subject matter jurisdiction to hear a direct appeal from a final judgment of a state court." *Id*. However, *Rooker-Feldman* does not apply to decisions made by an administrative agency. *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 644 (2002); *Holy Ghost Revival Ministries v. City of Marysville*, 98 F. Supp. 3d 1153, 1164 (W.D. Wash. 2015).

Plaintiff does not appear to have appealed the BOE's decision to state court. Therefore, the *Rooker-Feldman* doctrine is inapplicable because there was never a final judgment from a state court. Defendant's motion to dismiss based on the *Rooker-Feldman* doctrine should be denied.

### C. **FAILURE TO STATE A CLAIM**

Under Fed. R. Civ. P. 12(b)(6), a motion to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his

entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555. The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 547.

Plaintiff makes only generalized statements about his BOE hearing being "unfair." Plaintiff does not point to a specific policy or practice at issue. His conclusory statements that Pierce County had a pattern or practice of unconstitutional practices are insufficient to raise his right to relief above the speculative level.

Defendants' motion to dismiss pursuant to 12(b)(6) should be granted, and Defendant Pierce County should be dismissed without prejudice.

### D.  *PRO SE* PLAINTIFF MAY NOT BRING A CLASS ACTION

"It is well established that the privilege to represent oneself *pro se* provided by [28 U.S.C.] § 1654 is personal to the litigant and does not extend to other parties or entities. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008). Section 1654 does not permit a *pro se* party to bring a class action or any claim on behalf of others in a representative capacity. *Id.*

This is not a class action.

### III.  ORDER

Therefore, it is hereby **ORDERED** that:

- Defendants Pierce County and Kenneth Roberts' motion to dismiss (Dkt. 13) **IS GRANTED** with prejudice as to Kenneth Roberts and without prejudice as to Pierce County.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 24th day of February, 2021.

*Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge

ORDER GRANTING DEFENDANTS ROBERTS AND PIERCE COUNTY'S MOTION TO DISMISS - 6