# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| JOE PATRICK FLARITY, a marital community,<br><br>Plaintiff,<br><br>v.<br><br>ARGONAUT INSURANCE COMPANY,<br><br>Defendant. | CASE NO. 3:20-cv-06247-RJB<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT |

THIS MATTER comes before the Court on Defendant Argonaut Insurance Company's ("AIC") Motion for Judgment on the Pleadings (Dkt. 31) and Plaintiff's Motion for Leave to File Amended Complaint (Dkt. 40). The Court has considered the pleadings filed regarding the motions and the remaining file. Oral argument is unnecessary to fairly decide these motions.

## I.    FACTS AND BACKGROUND

*Pro se* Plaintiff, Joe Flarity, currently has two cases pending before the Court and at least one related matter in Washington State Court. *See* Dkt. 1; Case No. 3:20-cv-6083-RJB; King

- 1

1  Cnty. Superior Ct. No. 20-2-16139-0-SEA. His claims relate to the tax assessment of his

2  property, which Pierce County assessed at a value that cased his taxes to increase. *See id.* This

3  matter more specifically relates to his appeal of his property valuation to the Pierce County

4  Board of Equalization ("BOE"). Dkt. 1. Plaintiff alleges that Pierce County, Pierce County

5  officials, and AIC violated his Constitutional rights to equal protection and due process in the

6  administration of his BOE appeal. *See id.* Pierce County and Pierce County officials previously

7  filed a motion to dismiss (Dkt. 13), which the Court granted on the grounds that all claims were

8  either barred by quasi-judicial immunity or failed to state a claim for which relief could be

9  granted (Dkt. 23). AIC, which is a private company, is the only defendant remaining in this

10 matter. Plaintiff's claims against AIC are (1) Violation of Equal Protection and Due Process

11 brought pursuant to § 1983, and (2) "Civil Rights Tort Claims" because of an alleged agreement

12 with Pierce County to violate the civil rights of Pierce County taxpayers. Dkt. 1.

13       Plaintiff's proposed amended complaint is 27 pages, but over 300 pages including

14 exhibits. Dkts. 40 and 42. In it, he realleges the equal protection and due process claims that

15 were dismissed from his original complaint but frames them as being made against the officials

16 in their personal capacities. *See id.* He also proposes to add three defendants in their personal

17 capacities and claims of First Amendment violations, civil conspiracy, obstruction of justice,

18 insurance malpractice, and fraud. *Id.* The essential allegations remain the same: that Pierce

19 County and its officials violated the Constitution and laws during Plaintiff's BOE administrative

20 appeal, and that AIC, a private insurance company, conspired in these violations.

21       As to AIC's Motion for Judgment on the Pleadings (Dkt. 31), AIC argues that Plaintiff's

22 claims should be dismissed because he brings them pursuant to 42 U.S.C. § 1983, but AIC, as a

23 private entity, cannot be liable under § 1983. Plaintiff does not oppose AIC's motion.

24

## II. DISCUSSION

### A. MOTION FOR JUDGMENT ON THE PLEADINGS

Pursuant to Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." A Rule 12(c) motion is "functionally identical" to a motion to dismiss brought pursuant to Rule 12(b)(6), with the difference being timing. *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). Judgment under Rule 12(c) "is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be solved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989).

It is clear from the face of the pleadings that AIC is entitled to judgment as a matter of law. Plaintiff's claims against AIC depend on liability under section 1983. Only a state actor or a person "acting under color of state law," however, may be liable under section 1983. *West v. Atkins*, 487 U.S. 42, 48 (1988). A private company does not necessarily become a "state actor" by entering into a contract with the state. *Life Ins. Co. of N. Amer. V. Reichardt*, 591 F.2d 499, 501–02 (9th Cir. 1979). Instead, "a private entity may be considered a state actor 'only if its particular actions are inextricably intertwined with those of the government.'" *Pasadena Republican Club v. W. Justice Ctr.*, 985 F.3d 1161, 1167 (9th Cir. 2021) (quoting *Brunette v. Humane Soc. of Ventura Cnty.*, 294 F.3d 1205, 1211 (9th Cir. 2002) (internal citation omitted).

Plaintiff does not allege sufficient facts to plausibly allege that AIC acted under the color of state law. He merely states that AIC contracted with Pierce County and it "knew or should have known" of civil rights violations. Dkt. 1 at 4. Taken as true and in the light most favorable

to Plaintiff, this is insufficient to establish an inextricable link between the alleged conduct of AIC and Pierce County.

Furthermore, Plaintiff did not respond to AIC's motion for judgment on the pleadings. Pursuant to Local Civil Rule 7(b)(2), failure to respond "may be considered by the court as an admission that the motion has merit."

Accordingly, AIC's Motion for Judgment on the Pleadings (Dkt. 31) should be granted.

**B. MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

"Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading once as a matter of course within certain time limits, or, in all other instances, with the court's leave." *Hall v. City of Los Angeles*, 697 F.3d 1059, 1072 (9th Cir. 2012) (quoting Fed. R. Civ. P. 15(a)). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts often consider four factors to determine whether "justice so requires:" (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *United States v. Pend Oreille Pub. Util. Dist. No. 1*, 926 F.2d 1502 1511 (9th Cir. 1991). "The rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant." *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (leave should be granted "if it appears *at all possible* that the plaintiff can correct the defect").

Plaintiff's proposed amended complaint remains fatally flawed. The Court previously dismissed Plaintiff's claims against Defendant Kenneth Roberts with prejudice because they were barred by quasi-judicial immunity. Dkt. 23. Plaintiff attempts to recast his claims against Defendant Roberts and to add three more defendants who participated in his BOE hearing by naming the defendants in their personal, as opposed to official, capacities. Dkts. 40 and 40-1. However, quasi-judicial "individual defendants are also immune in their individual capacities."

1 | *See Hirsh v. Justices of Supreme Ct. of State of Cal.*, 67 F.3d 708, 715 (9th Cir. 1995).

Therefore, Plaintiff's claims against Defendant Kenneth Roberts, Dee Martinez, and Jean Contanti-Oehler would be barred by quasi-judicial immunity and amendment would be futile.

Plaintiff's remaining proposed claims fail to establish that he is plausibly entitled to relief because they are based on conclusory allegations. For example, the proposed complaint states, "Mark Lindquist, Kenneth Roberts, Dee Martinez, Jean Contanti-OEHLER, and unknown AIC representatives have conspired to deny the public their right to attend BOE hearings required to be in the public domain. This is an obvious and undisputed fact that is still ongoing in Pierce County. This **overt act** damaged Flarity by denying state/federal rights for equal protection, due process rights, and 1st amendment rights to an open BOE court." Dkt. 40-1 at 15–16; *see also id.* at 7–8 ("Unknown officials have acted in concert to hide the conspiracy to close the BOE Court to the public in defiance of state law for public disclosure of records."). Conclusory allegations of a "conspiracy," however, are insufficient to state a claim. *Shucker v. Rockwood*, 846 F.2d 1202, 1205 (9th Cir. 1988).

In addition, Plaintiff supports his claim of insurance malpractice against AIC with newspaper articles, submitted as exhibits, that discuss lack of transparency by Pierce County and its officials. Dkt. 40-6. The inference from these articles is that AIC knew Pierce County and its officials lack transparency, "but refused to act in a responsible manner." Dkt. 40-1 at 12. Even if true, this does not plausibly allege that AIC committed malpractice against him.

Plaintiff has had ample opportunity to allege, in "a short and plain statement," that he is plausibly entitled to relief, as required by Federal Rule of Civil Procedure 8(a). Allowing amendment would cause undue delay and prejudice Defendants by requiring them to continue to defend against claims that ultimately lack merit.

Therefore, Plaintiff's motion for leave to amend the complaint (Dkt. 40), should be denied.

### III. ORDER

- Defendant AIC's Motion for Judgment on the Pleadings (Dkt. 31) **IS GRANTED**;
- Plaintiff's Motion for Leave to File Amended Complaint (Dkt. 40) **IS DENIED**;
- This matter **IS CLOSED**.

**IT IS SO ORDERED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 11th day of May, 2021.

*Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge